UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:13-cr-368

        Plaintiff – Respondent,

    v.                                                      MEMORANDUM OPINION
                                                                                     AND ORDER

Bryan Lorann,

        Defendant - Petitioner.

        Defendant-Petitioner Bryan Lorann seeks modification to the conditions and length of his 20-year term of supervised release, which he was ordered to serve upon his release from imprisonment. (Doc. No. 34). The government opposes Lorann's motion. (Doc. No. 37). Lorann filed a reply. (Doc. No. 40). I deny Lorann's motion for the reasons stated below.

        On May 13, 2014, Lorann plead guilty to receipt of child pornography and possession of child pornography, in violation of 18 U.S.C. § 2252. Following his guilty pleas, I sentenced Lorann to 72 months in prison and a total of 20 years of supervised release. (Doc. No. 30 at 3). Lorann did not appeal.

        Lorann later filed a motion "to modify the conditions and length of supervised release pursuant to 18 U.S.C. §§ 3563(c) [and] 3583(e)." (Doc. No. 34 at 1). He claims his motion is not a habeas petition under 28 U.S.C. § 2241, or a motion to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255, because he does not challenge his term of incarceration. (*Id.*). Lorann argues the length of his supervised release term is procedurally and substantively unreasonable

because, he alleges, I failed to explain my reasons for imposing the term of supervised release or the special conditions. (Doc. No. 34). Lorann does not discuss the specific conditions he challenges until his reply brief, in which he argues, among other things, that a general ban on the possession of material containing nudity would impermissibly prohibit him from possessing "numerous images of Jesus Christ" which Lorann apparently would obtain by performing an internet search for images of Miley Cyrus twerking.[1] (Doc. No. 40 at 4).

Lorann's challenge to the length of his supervised release comes too late. Section 3583 only permits the modification or reduction of the defendant's "conditions of supervised release," not the term. 18 U.S.C. § 3583(e)(2). As Lorann concedes, he could not seek the termination of his supervised release term until after at least one year of that term had passed. 18 U.S.C. § 3583(e)(1). Lorann could have challenged the length of his supervised release through a Rule 35(a) motion to correct his sentence, a notice of direct appeal, or a § 2255 application. He did none of those in a timely manner and now is time-barred from bringing such a challenge. *See, e.g., United States v. Hallom*, 505 F. App'x 480, 481 (6th Cir. 2012) (holding defendant was barred from challenging the procedural and substantive unreasonableness of his sentence due to his failure to challenge it by objecting at the time, on direct appeal, or on collateral appeal under 28 U.S.C. § 2255.).

Lorann's challenge to "all of his supervised release conditions" also lacks merit. (Doc. No. 40 at 9). Section 3583(e) permits a court to modify or reduce the defendant's conditions only after considering the factors set forth in Section 3553(a). I considered and discussed these factors during Lorann's sentencing hearing. (Doc. No. 36 at 33-39). I am not required to repeat my analysis of those factors before imposing a term of supervised release. *United States v. O'Georgia*, 569 F.3d 281, 289 (6th Cir. 2009) (citing *United States v. Berry*, 565 F.3d 332, 342–43 (6th Cir.2009)).

---

[1] Lorann offers no elaboration on this argument.

Moreover, Lorann offers only general arguments about the perceived injustice he must endure as a result of the conditions of his supervised release. Not only does Lorann fail to acknowledge he received a substantial downward variation in the term of his imprisonment – from a Guideline sentencing range beginning at 262 months to an actual term imposed of 72 months – he also fails to offer any evidence or information which was not available at the timing of his sentencing hearing.

Lorann's claims that his term of supervised release is procedurally and substantively unreasonable is untimely and lacks merit. Therefore, I deny his motion to modify the term and conditions of his supervised release.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge